## FRANCES A. STAUFFER, Appellant, v. JOHN B. STAUFFER, Respondent.

**St. Louis Court of Appeals. Opinion Filed December 7, 1920.**

1. **HUSBAND AND WIFE: Maintenance: Desertion: Wife Entitled to Maintenance Though Her Statutory Right to Divorce Has Accrued.** While marriage in this State is a civil contract, and statutory grounds for divorce are provided for under our statutes, yet neither the husband nor the wife, when entitled to a divorce, is required by reason thereof to file an action therefor; hence it follows that upon marriage, when through no fault of the wife the action and conduct of the husband toward her are such as to entitle the wife to a statutory ground for divorce, she, under section 8295, Revised Statutes 1909, will be entitled to separate maintenance even though the husband, after the wife's right to a divorce has accrued, shall offer to take her back and afford her suitable maintenance upon her return.

2. ——: ——: **Wife Entitled to Decree of Separate Maintenance: Allowance Fixed on Appeal.** Where the wife was entitled to a decree of separate maintenance and the husband had been earning between $175 and $200 a month, and the wife had an income of approximately $5 month and had been living with her married daughter and unable to pay anything for her board and lodging, *held* that $60 per month would be a fair and proper allowance.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. George H. Shields, Judge.*

REVERSED AND REMANDED *(with directions).*

*George F. Beck,* for appellant.

(1) An offer of reconciliation must be made in good faith and not merely to lay a foundation for a divorce. It must be couched in terms likely to bring about a reconciliation. A cold and formal invitation to return, especially if it does not contain an expression of regret for the offerer's own wrong-doing, is not sufficient as an offer of reconciliation and may be disregarded. 14 Cyc. p. 619. (2) Where one spouse has been guilty of a legal desertion, it seem well settled that he or she, in order to deprive the other of the right to a divorce, must make the overtures for a reconciliation before the statutory period has elapsed, and the right of the deserted spouse to a divorce has accrued. Overtures after such right has accrued are ineffectual to deprive the deserted spouse of his or her right. 9 R. C. L., p. 373, sec. 161; 14 Cyc., p. 620. (3) In this case plaintiff has clear grounds for a divorce. But grounds for divorce are not necessary to warrant her refusal to live with defendant. All that is required is that she have reasonable cause for her refusal. R. S. 1909, sec. 2370 and 8295; Tarrant v. Tarrant, 156 Mo. App. 725; Gillinwaters v. Gillinwaters, 28 Mo. 60; Neff v. Neff, 20 Mo. App. 182. (4) Condonation is forgiveness on condition that the offense be not repeated. If this condition is not kept, the right of the injured party to urge the condoned indignities as grounds for divorce is restored. Herriford v. Herriford, 169 Mo. App. 641; Moore v. Moore, 41 Mo. App. 176. (5) There must be evidence of knowledge of the adultery. Condonation cannot take place without it. Welch v. Welch, 50 Mo. 395, 19 C. J., p. 84, sec. 194.

*Rollins, Schneider & Halter* for respondent.

(1) Appellant should have accepted respondent's offer to take her again into his home and take care of her. The offer was made in sincerity. Creasey v. Creasey, 168 Mo. App. 98. (2) The judgment and verdict of the trial court was for the right party and is supported by sub-

stantial evidence. The trial court had the opportunity of observing the attitude of the witnesses on the stand. The verdict should not be reversed by the appellate court. Van Frank v. Missouri Pacific Ry. Co., 89 Mo. App. 460; Torlotting v. Torlotting, 82 Mo. App. 192; Huffman v. Huffman, 217 Mo. 182. 1; Rawlings v. Rawlings, 102 Mo. 563. (3) The trial court committed no error in excluding testimony on behalf of plaintiff, because: (a) The things complained of, if committed, had been condoned by the appellant. Appellant will not be permitted to assume a different theory on appeal to that taken in the trial court. Appellant assumed the position in the trial court that there had been a reconciliation with a promise to desist; on appeal she should not be permitted to urge that she had no knowledge. Moore v. Moore, 41 Mo. App. 176; Wiber v. Strobel, 236 Mo. 649; Richter v. Merril, 84 Mo. App. 150; Williams v. Railway Co., 233 Mo. 666. (b) The matters complained of were not pleaded in plaintiff's petition and therefore could not be presented as grounds for affirmative relief. Pattison's Missouri Pleading, secs. 676, 763, 880; Mathieson v. Railroad Co., 219 Mo. App. 522; Mahill v. Jenkins, 69 Mo. App. 279; Rhodes v. Land & Lumber Co., 105 Mo. App. 279. (c) Appellant cannot complain of error because she failed to offer proof of the things and matters complained of. There is nothing before the appellate court to show what evidence appellant desired to introduce. Shelby Co. Ry. Co. v. Crawford, 235 Mo. 459; Holzmer v. Metropolitan Street Ry. Co., 261 Mo. 379, 169 S. W. 102; Louis v. Louis, 134 Mo. App. 566.

BECKER, J.—This is an appeal from the judgment of the trial court dismissing plaintiff's suit for separate maintenance. Plaintiff's petition sets out the marriage of the parties in 1880 and that the defendant deserted plaintiff in 1910 and thereafter failed to properly support plaintiff.

It is not disputed but that the defendant voluntarily abandoned plaintiff as alleged in the petition and that though defendant did make payments to the plaintiff

from time to time after he abandoned her, yet such payments were insufficient for her support, and that from February, 1918, until November, 1918, and from January, 1919, up to December 4, 1919, the date of the trial below, defendant failed to pay anything for her support and maintenance.

It appears that in July of 1918, plaintiff had filed a prior suit for maintenance which suit, during the progress of the hearing thereof, was dismissed by the plaintiff.

The sole defense to this action is that the defendant, on July 17, 1918, (several days after the wife had filed her suit for maintenance), offered to receive his wife again into his home and to support her; that such offer was renewed on the 24th day of January, 1919, and again renewed at the time of the trial of this case below, and that the plaintiff refused and still refuses to return to the defendant and resume the relation of husband and wife.

The learned trial judge at the time of dismissing plaintiff's bill and entering judgment against her, filed the following memorandum: "On the theory of the Creasey case, 168 Mo. App. 98, 151 S. W. 215, I think this case should be dismissed. The defendant has offered to take back his wife and properly support her, and she has repeatedly refused the offer. It was made again at the trial. The evidence does not show it was made in bad faith to avoid separate maintenance and if made in good faith the right to maintenance ceases. In my judgment plaintiff ought to accept her husband's offer and be reconciled. Plaintiff's petition is dismissed."

We are of the opinion and so hold that the learned trial court was in error in arriving at its conclusion in this case as well as its view that the Creasey case was authority for such ruling. In the Creasey case, which was a suit for maintenance, the record discloses that less than the statutory period of one year, in fact less than four months, had elapsed from the date of the alleged desertion up to the time of the filing of the suit, *so that the right of the deserted wife to a divorce on that ground had not accrued.*

The record in the case before us discloses that the desertion had continued for more than eight consecutive years immediately next before the filing of plaintiff's petition for maintenance, and consequently Mrs. Stauffer had become entitled to a divorce on the ground of deser-tion many years prior to the filing of her action.

In the Creasey case the record discloses that "both were of excellent moral character," and that while the husband had on the very day he left his wife instituted a suit for divorce, he dismissed his petition a short time thereafter and visited his wife and requested her to come back to him. This request was made at a time when, ac-cording to the wife's own statement, she still loved her husband, and prior to the time that she had filed her suit for maintenance. She rejected this offer and refused to return to him and shortly thereafter instituted her suit for maintenance. The record in the Creasey case further discloses that prior to the hearing of the maintenance suit the defendant called on the plaintiff three separate times trying to induce her to return to him, and met with refusals. In addition thereto while in Texas on a visit he wrote her two letters profuse with protestations of love and entreaties to come back to him, which letters also contained promises to forgive and requests to be forgiven. And after his return he again visited his wife from twelve to fifteen times asking her every time to come to live with him. All of which occurred *before* the statutory period of one year had elapsed from the day when the husband had left the wife. In light of these facts it was properly held, in the Creasey case, that the wife was not justified in refusing defendant's overtures.

The facts in the case before us are different. Here the husband made no offer to return until many years after the plaintiff's right to a divorce on the ground of desertion had become fixed, and until after plaintiff had instituted an action for maintenance. We are of the opin-io and so hold that in the case at bar the husband's offers to return (even if it were to be held as made in good faith, a matter which we need not determine) being made *after* the statutory period of time necessary to give the wife

ground for divorce had elapsed will not, though refused, defeat the action of the wife for maintenance. To hold otherwise would be to deprive an innocent and injured wife, whose right to a divorce had already accrued, upon the mere repentence of the husband and his offering to take her back, of her right to maintenance as specifically provided for by section 8295, Revised Statutes of Missouri, 1909, and to force her, if she insists upon support from her husband, to receive him back and reestablish the relation of husband and wife, thereby resulting in a condonation of the very offense which under our statutes entitles her to a divorce. We cannot subscribe to such a proposition. While marriage in this State is a civil contract and statutory grounds for divorce are provided for under our statutes, yet neither the husband or the wife, when entitled to a divorce, is required by reason thereof to file an action therefor. It follows that upon marriage, when through no fault of the wife, the action and conduct of the husband toward her are such as to entitle the wife to a statutory ground for divorce, she, under our maintenance statute, will be entitled to separate maintenance even though the husband *after* the wife's right to a divorce has accrued shall offer to take her back and afford her a suitable maintenance upon her return.

In light of what we have said above it follows that the learned trial court was in error in dismissing plaintiff's petition but under the facts in this record should have decreed her maintenance in keeping with the earnings of the defendant. The defendant has been earning between $175 and $200 a month as a locomotive engineer. Plaintiff herself has but an income of approximately $5 a month and has been living with her married daughter and unable to pay anything for her board and lodging. Under all the facts and circumstances in this case we hold that $60 per month would be a fair and proper allowance.

Therefore for the error pointed out the judgment is reversed and the cause remanded with directions to the trial court to enter a decree of maintenance in favor of

plaintiff for $60 per month as of the 24th day of December, 1919.

*Reynolds, P. J.,* and *Allen, J.,* concur.